**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JIMMY LEE CAUGHRON,           )<br>                                              )<br>            Plaintiff,             )<br>                                              )<br>vs.                                       )<br>                                              )<br>LIBERTY MUTUAL FIRE INSURANCE )<br>COMPANY,                            )<br>                                              )<br>            Defendant.         ) | Case No. 11-cv-206-GKF-TLW |

**OPINION AND ORDER**

Before the Court is defendant's Motion for Discovery Hearing (dkt. # 127) and Motion to Re-Open Deposition of Plaintiff (dkt. # 131). Also before the Court is a portion of defendant's Motion to Compel (dkt. # 111), which was taken under advisement after a November 15, 2013 hearing. After further deliberation, this Opinion and Order represents the final order of the Court and supersedes any oral direction provided during the December 9, 2013 hearing.

Defendant's Motion to Compel (dkt. # 111) is granted in part and denied in part as set forth in the Court's prior hearings (those hearings before December 9, 2013).

Through the remaining two motions, defendant seeks to re-open plaintiff's deposition in order to ask questions regarding a large number of documents plaintiff produced after plaintiff's initial deposition. Many of these documents were not produced until after defendant filed its Motion to Compel and this Court ordered their production. Defendant has identified four areas on which it wishes to question plaintiff in a second deposition. (See Dkt. # 131 at 5). Three of these areas were identified prior to or during plaintiff's first deposition: (1) damages arising out of incurred attorney fees; (2) damages arising out of plaintiff's inability to pay his mortgage; and (3) damages arising out of plaintiff's inability to play or teach golf. The fourth areas relates to plaintiff's inability to attend his son's college graduation.

Plaintiff stipulated during the December 9 hearing that he does not intend to use documentary evidence to support his claim for attorney fees and his claim related to his ability to play or teach golf. Neither of these areas of damages were identified by plaintiff prior to his deposition, despite fairly comprehensive discovery requests by defendant designed to illicit an identification of all areas of damage sought. However, defendant's attorney inquired regarding these areas at plaintiff's deposition. Thus, there is no need for further inquiry, unless plaintiff does indeed have documents related to these two areas, and the documents were not produced prior to plaintiff's deposition (i.e., the documents are responsive to a discovery request and defendant did not know the documents existed prior to plaintiff's deposition). Under these circumstances, defendant is entitled to re-open plaintiff's deposition for the purpose of asking questions regarding documents that directly relate to these two categories of damages.

Plaintiff's damage claim arising out of his inability to pay his mortgage was identified prior to his deposition, and the information before the Court indicates that although plaintiff did not fully respond to various discovery requests related to these damages, he did not represent that all documents had been produced prior to his deposition. In addition, the information before the Court indicates that defendant's former counsel was aware that not all documents related to this issue had been produced, but he or she proceeded with plaintiff's deposition anyway. Under these circumstances, defendant is not entitled to re-open plaintiff's deposition merely because it does not now like its former counsel's strategic decision to proceed.

As to the college graduation of plaintiff's son, defendant may re-open plaintiff's deposition to ask questions on this topic. It was not identified prior to plaintiff's deposition as it should have been, and there were no questions asked on the issue at the deposition.

Defendant's Motion to Compel (dkt. # 111) is **GRANTED in part and DENIED in part,** defendant's Motion for Discovery Hearing (dkt. # 127) is **GRANTED**, and defendant's Motion to Re-Open Deposition of Plaintiff (dkt. # 131) is **DENIED in part and GRANTED in part**.

SO ORDERED this 10th day of December, 2013.

_____
T. Lane Wilson
United States Magistrate Judge